# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLATLINE CONCRETE, L.L.C.** | **CIVIL ACTION** |
| *Plaintiff* | **NO.** _____ |
| | |
| **v.** | **JUDGE** _____ |
| | |
| **JOURNEYMAN CONSTRUCTION, INC.** | **MAG.** _____ |
| **& LIBERTY MUTUAL INSURANCE** | |
| **CO.** | |
| *Defendants* | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendants Journeyman Construction, Inc. ("Journeyman") and Liberty Mutual Insurance Company ("Liberty Mutual"), and, with full reservation of rights, including but not limited to the right to compel arbitration, files this Notice of Removal and avers that this matter is hereby removed to this Court on the following grounds:

1.

Journeyman and Liberty Mutual are the only named defendants in a civil suit filed in the 16th Judicial District Court for the Parish of St. Mary, State of Louisiana, captioned, *Flatline Concrete, L.L.C. v. Journeyman Construction, Inc., & Liberty Mutual Insurance Co.*, Suit No. 130,305, Div. H.[1]  Plaintiff Flatline Concrete, L.L.C. ("Flatline") filed its Petition ("Petition") on October 20, 2016, wherein Flatline asserts claims seeking damages "in the amount of Five

---

[1]    A copy of the state court pleadings are attached hereto as Exhibit "A", *in globo*, Certificate of Counsel attesting to said record is attached hereto as Exhibit "B", and the List of Parties and Counsel is attached hereto as Exhibit "C".

Hundred Twenty-Six Thousand Four hundred Eight and 26/100 Dollars ($526,408.26), plus all costs, interest, and attorney's fees . . . ."

2.

This Notice of Removal is timely filed within thirty days of service of the Petition upon Liberty Mutual and Journeyman,[2] in compliance with 28 U.S.C. § 1446(b).  None of the defendants or their attorneys have consented to the jurisdiction of the state court.

3.

The underlying state court action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, as this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs. Consequently, removal is proper to this Court by the defendants pursuant to 28 U.S.C. § 1441.

4.

Venue is proper in this district and pursuant to 28 U.S.C. § 1446(a) because the state court action was filed in this district.

**BACKGROUND**

5.

On or about May 29, 2014, Journeyman, as prime contractor, entered into an agreement with Wal-Mart Real Estate Business Trust, as owner, in connection with the construction of Wal-Mart #7099 - Morgan City, 1002 Louisiana Highway 70, Morgan City, Louisiana 70380 ("Project").

---

[2]    The Petition was served on Liberty Mutual through the Louisiana Secretary of State on October 28, 2016, and on Journeyman on November 1, 2016.

6.

Thereafter, on or about June 13, 2014, Journeyman entered into a Subcontract Agreement with Flatline in connection with the Project.

7.

Liberty Mutual issued the performance and payment bonds in connection with the Project, and the release of lien bond in connection with Flatline's filed sworn statement of claim.

## CITIZENSHIP OF THE PARTIES

8.

Defendants Journeyman and Liberty Mutual are corporations.

9.

Pursuant to 28 U.S.C. § 1332(c), the citizenship of a corporation is determined by its state of incorporation and its principal place of business.  The term "principal place of business" refers to the place where the "corporation's high level officers direct, control, and coordinate the corporation's activities," sometimes referred to as the corporation's "nerve center."[3]

10.

Journeyman is a Texas corporation, whose principal place of business is in Texas.

11.

Liberty Mutual is a Massachusetts corporation, whose principal place of business is in Massachusetts.

12.

Plaintiff Flatline is a limited liability company.

---

[3]    *Hertz Corp.* v. *Friend*, 599 U.S. 77, 80-81 (2010).

13.

The citizenship of a limited liability company is determined by the citizenship of its members.[4]

14.

Upon information and belief, all members of Flatline are Louisiana citizens.

15.

Defendants are citizens of Massachusetts and Texas.  Since Flatline is a Louisiana citizen, complete diversity exists.

**AMOUNT IN CONTROVERSY**

16.

The claims asserted by Flatline in the Petition, which claims are denied, are in excess of $75,000, exclusive of interest and costs.  As a result, if Flatline prevails on its claims, which claims are denied, the potential damages in this case will exceed the $75,000 jurisdictional requirement.

**CONCLUSION**

17.

Because there is complete diversity between Flatline and both defendants, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, the United

---

[4]      15 Moore's Federal Practice §102.57[8] (Matthew Bender 3d ed.) (citing *Pramco, LLC ex rel. CFSC Consortium, LLC* v. *San Juan Bay Marina, Inc.,* 435 F.3d 51, 54-55 (1st Cir. 2006); *Handelsman* v. *Bedford Village Ass. Ltd. P'ship,* 213 F.3d 48, 52 (2d Cir. 2000); *Gen. Tech. Applications, Inc.* v. *Exro Ltda,* 388 F.3d 114, 120-122 (4th Cir. 2004); *Int'l Flavors & Textures, LLC* v. *Gardner,* 966 F. Supp. 552, 554-555 (W.D. Mi. 1997); *Wise* v. *Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006); *GMAC Commercial Credit LLC* v. *Dillard Dep't Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004); *Johnson* v. *Columbia Props. Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006); *Hale* v. *MasterSoft Int'l Pty. Ltd.,* 93 F. Supp. 2d 1108, 1112 (D. Colo. 2000); *Rolling Greens MHP, L.P.* v. *Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004)). *See also, Harvey* v. *Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008).

States District Court for the Western District of Louisiana has original jurisdiction pursuant to 28 U.S.C. § 1332.

18.

Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Journeyman and Liberty Mutual will provide notice of the filing of this Notice of Removal to the Clerk of Court for the 16th Judicial District Court for the Parish of St. Mary, and to Flatline, through its counsel of record.  The Notice of Filing of Notice of Removal to be filed in the state court proceeding is attached hereto as Exhibit "D".

19.

In an abundance of caution, Journeyman and Liberty Mutual reserve all rights that they may have, including but not limited to the right to compel arbitration of Flatline's claims, pursuant to arbitration provisions in Flatline's Subcontract with Journeyman.

20.

Journeyman and Liberty Mutual reserve the right to amend and/or supplement this Notice of Removal.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**

By*: /s/ Nicholas R. Pitre*
Mark W. Mercante, T.A. (# 23867)
Nicholas R. Pitre (# 34713)
3 Sanctuary Boulevard, Suite 201
Mandeville, Louisiana  70471
Telephone:        (985) 819-8400
Facsimile:        (985) 819-8484
E-mail:     mmercante@bakerdonelson.com
                 npitre@bakerdonelson.com

*and*

Robert L. Blankenship (# 33016)
450 Laurel Street, 20th Floor
Baton Rouge, Louisiana 70801
Telephone:        (225) 381-7000
Facsimile:        (225) 382-0217
E-mail:     rblankenship@bakerdonelson.com

**COUNSEL FOR JOURNEYMAN**
**CONSTRUCTION, INC. & LIBERTY**
**MUTUAL INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by hand, facsimile, electronic mail, Federal Express, and/or by placing same in the United States Mail, postage prepaid and properly addressed, this 23rd day of November, 2016.


*/s/ Nicholas R. Pitre*
        NICHOLAS R. PITRE